# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MEDINA o/b/o/ I.I.M.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-01441-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(D))<br><br>(ECF Nos. 22, 23, 24)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

Plaintiff Patricia Medina, on behalf of Minor Plaintiff I.I.M., filed a Social Security appeal on September 27, 2021, seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff's application for supplemental security income ("SSI") benefits pursuant to the Social Security Act. (ECF No. 1.) On August 10, 2022, the Court issued findings and recommendations to grant Plaintiff's Social Security appeal, remand for further proceedings, and enter judgment in favor of Plaintiff; the findings and recommendations were adopted in full on September 14, 2022, and judgment was entered that day. (ECF Nos. 19, 20, 21.)

1

On December 15, 2022, Plaintiff filed a motion for the award of attorney fees and expenses in the amount of $7,831.44 pursuant to the Equal Access to Justice Act ("EAJA"), and $627.00 in costs under 28 U.S.C. § 1920. (ECF No. 22.) In the motion, Plaintiff reserves the right to seek attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA. On December 15, 2022, the Court ordered Defendant to file an opposition or statement of non-opposition to Plaintiff's motion for attorney's fees under the EAJA. (ECF No. 23.) On December 28, 2022, Defendant filed a statement of non-opposition to Plaintiff's request for EAJA fees in the amount of $7,831.44 and $627.00 in costs under 28 U.S.C. § 1920. (ECF No. 24.)

## II.

## LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In granting such an award, the EAJA sets a maximum hourly rate of $125 per hour for attorney fees unless a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The government bears the burden of demonstrating that its position was substantially justified or that special circumstances exist that make the award unjust. See Yang v. Shalala, 22 F.3d 213, 217 (9th Cir. 1994) (citations omitted); Grason Elec. Co. v. MLRB, 951 F.2d 1100, 1103 (9th Cir. 1991).

## III.

## DISCUSSION

Typically, the parties stipulate to the award of attorney fees under the EAJA, and stipulate to costs under 28 U.S.C. § 1920. Nonetheless, based on the Court's record and Defendant's statement of non-opposition, the Court finds Plaintiff satisfies the statutory criteria and is therefore entitled to an award of the requested attorney's fees and costs.

2

First, the Court granted Plaintiff's Social Security appeal, remanded for further proceedings, and entered judgment in favor of Plaintiff. (ECF Nos. 19, 20, 21.)  A plaintiff who obtains a sentence-four judgment reversing a denial of benefits meets the definition of "prevailing party." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990) (explaining that a sentence-four judgment under 42 U.S.C. § 405(g) is one in which a district court enters a judgment affirming, modifying, or reversing the Commissioner's decision).  Further, Defendant does not dispute that Plaintiff is the prevailing party under the EAJA.  Thus, Plaintiff is the prevailing party.

Second, there is no showing of substantial justification or special circumstances that would make the award unjust. Yang, 22 F.3d at 217; Grason Elec. Co., 951 F.2d at 1103.  To determine whether the Commissioner's position was substantially justified for purposes of the EAJA, the Ninth Circuit applies a reasonableness standard. See, e.g., Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995).  The Commissioner must show that his conduct had a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988).  Here, Defendant does not oppose Plaintiff's request for attorney's fees under the EAJA but has filed a statement of non-opposition as to Plaintiff's requested EAJA fees and costs. (ECF No. 24.)  The Court, therefore, concludes Defendant has not presented any substantial justification for its prior position or showing of special circumstances that would make the award unjust. Yang, 22 F.3d at 217; Grason Elec. Co., 951 F.2d at 1103.

Third, the Court finds the requested fees are reasonable.  28 U.S.C. § 2412(d)(2)(A).  The amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services provided, and may not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A); 28 U.S.C. § 2412(d)(2)(A)(ii).  The Ninth Circuit indicates the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, are $217.54 for 2021 and $231.49 for the first half of 2022. See Statutory Maximum Rates Under the Equal Access to Justice Act, www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Dec. 29, 2022) (citing 28 U.S.C. § 2412 (d)(2)(A); Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005); Ninth

Circuit Rule 39-1.6). Plaintiff's counsel performed the applicable work in this matter from September 2021 through July 2022 (see ECF Nos. 1, 5, 7, 15, 18); counsel seeks fees at the adjusted hourly rate of $217.54 for all work performed (see ECF No. 22 at 1–2). This fee rate comports with Ninth Circuit guidelines and is not opposed by Defendant. Accordingly, the Court finds the requested hourly rate of $217.54 is reasonable.

Further, the party seeking an award of fees has the burden to demonstrate that the requested hours were appropriate and reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation …." Id. at 435. Hours that are excessive, redundant, or otherwise unnecessary, by contrast, should be excluded. Id. at 434. Here, Plaintiff's counsel declares he expended 39.5 hours in representing Plaintiff before this Court and successfully appealing the Commissioner's decision; however, counsel seeks 36.0 hours. (ECF No. 22 at 2.) Defendant does not oppose Plaintiff's motion and the Court finds that 36.0 hours expended to fully brief Plaintiff's Social Security appeal and represent Plaintiff in this matter is reasonable. See, e.g., Jawad v. Barnhart, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005) (53 billable hours reasonably expended in "relatively complex appeal," where court granted motion for summary judgment, found the claimant disabled and reversed the Commissioner's denial of Social Security benefits); Palomares v. Astrue, No. C-11-4515 EMC, 2012 WL 6599552 (N.D. Cal. Dec. 18, 2012) (finding that a request for 37.9 hours "is reasonably within the range generally permitted by other courts for this type of litigation"); Patterson v. Apfel, 99 F. Supp. 2d 1212, 1215 (C.D. Cal. 2000) (finding claimant entitled to EAJA fees for 37.25 hours expended to review the administrative record, conduct legal research, and draft court documents); Hardy v. Callahan, No. 9:96-CV-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997) (noting that "[t]he typical EAJA application in social security cases claims between thirty and forty hours.").

Finally, Plaintiff seeks $627.00 in costs under 28 U.S.C. § 1920 for the filing fees incurred at ECF Nos. 1 and 7. Defendant does not dispute these documented costs and the Court deems them to be reasonable.

Based on the foregoing, the Court finds Plaintiff's requested EAJA fees and costs under 28 U.S.C. § 1920 are reasonable and recommends Plaintiff's unopposed motion be granted.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's unopposed motion for attorney's fees (ECF No. 22) be GRANTED;
2. Plaintiff be awarded attorneys' fees in the amount of $7,831.44 pursuant to the EAJA, 28 U.S.C. § 2412(d);
3. Plaintiff be awarded $627.00 in costs under 28 U.S.C. § 1920; and
4. The award be without prejudice to the rights of counsel to seek attorney's fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 29, 2022**

UNITED STATES MAGISTRATE JUDGE